O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH EVANS, | ) | Case No. CV 07-07090 DDP (SSx) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING IN PART AND** |
| | ) | **GRANTING IN PART DEFENDANTS'** |
| v. | ) | **MOTION TO DISMISS PLAINTIFF'S** |
| | ) | **FOURTH AMENDED COMPLAINT** |
| CALIFORNIA DEPARTMENT OF | ) | |
| CORRECTIONS AND | ) | [Docket No. 189] |
| REHABILITATION et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Presently before the court is Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint ("Motion"). Having reviewed the parties' moving papers, the court denies the Motion in part, grants the Motion in part, and adopts the following Order.

**I. BACKGROUND**

In 2007, Plaintiff Kenneth Evans ("Plaintiff"), a California state prisoner then proceeding in pro se, filed a Complaint and First Amended Complaint with the court, alleging civil rights violations pursuant to 42 U.S.C. § 1983. The court dismissed both complaints with leave to amend, due to various pleading deficiencies. In 2008, Plaintiff filed a Second Amended Complaint

("SAC"), contending that Defendants "denied the Plaintiff his right to practice his religion by denying the Plaintiff a halal diet."[1] (SAC at 5.)  Defendants filed a Motion to Dismiss the SAC on November 3, 2008.  On April 20, 2009, Magistrate Judge Segal issued a Report and Recommendation ("Report"), recommending that Defendants' Motion be denied.  (Docket No. 49.)  The court adopted the Report on August 18, 2009.  (Docket No. 91.)

    Relevant here, the court held that Plaintiff adequately pled claims under the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA").  With regard to RLUIPA, the court concluded that Defendants' refusal to provide halal meals to Plaintiff might impose a substantial burden on his religious practice.  (Report at 12 (citing Shakur v. Schriro, 514 F.3d 878, 889 (9th Cir. 2008)).)  The court also addressed the second prong for qualified immunity, finding "that the rights at issue were clearly established at the time Defendants allegedly violated them."  (Id. at 13 (citing McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987) (per curiam) ("Inmates . . . have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion.")).)

    Following the Report, Plaintiff and Defendants filed cross motions for summary judgment.  On February 25, 2010, Magistrate Judge Segal issued a Report and Recommendation ("MSJ Report"), recommending that Plaintiff's motions be denied, and that Defendants' motion be granted in part and denied in part.  (Docket

---

[1] Some of the Defendants have changed as a result of the court orders and amended complaints.  The court only addresses these changes as relevant to the current Motion.

2

1  No. 121.)  The court adopted the Report with modifications on April
2  7, 2010 ("MSJ Order").  (Docket No. 134.)
3       Relevant here, the court found genuine issues of material fact
4  as to Plaintiff's Free Exercise claim under the First Amendment.
5  In so finding, the court addressed Defendants' contention that,
6  contrary to Plaintiff's undisputed personal belief, "Muslim inmates
7  . . . can satisfy their religious dietary needs by requesting a
8  vegetarian meal."  (MSJ Report at 13.)  Defendants' argument thus
9  amounted to a claim "that Plaintiff's interpretation of Islam is
10 incorrect."  (Id. at 14.)  As the court explained, this argument
11 involved a fundamental misunderstanding of the First Amendment -
12 asking the court to improperly consider the <u>validity</u> of Plaintiff's
13 religious beliefs, instead of the <u>sincerity</u> of those beliefs.
14 Further, the court found troubling Defendants' misrepresentation of
15 Supreme Court precedent and "repeated misstatements of law" on this
16 issue, which the court had explicitly cautioned against in an
17 earlier order.[2]  (Id. at 14-16 & n.7.)
18      Similarly, as to Plaintiff's RLUIPA claim, the court held that
19 Defendants had imposed a substantial burden on Plaintiff's
20 religious exercise, because Defendants did not question the

---

[2]   Specifically, the court had stated in its prior order:

> Defendants acknowledge Plaintiff's "personal belief that
> [the religious vegetarian diet] is not halal," but assert
> that "Defendant Aladarbeh, the Muslim Chaplain, confirms
> that [the prison's] vegetarian meal satisfies the dietary
> requirements of Islam."  The Court notes that "[i]t is not
> within the judicial ken to question the centrality of
> particular beliefs or practices to a faith, or the validity
> of particular litigants' interpretations of those creeds."
> <u>Shakur v. Schriro</u>, 514 F.3d 878, 884 (9th Cir. 2008)
> (quoting <u>Hernandez v. C.I.R.</u>, 490 U.S. 680, 699 (1989)).

(Docket No. 97 at 1 (citation omitted).)

3

sincerity of Plaintiff's religious beliefs. Defendants therefore indisputably forced Plaintiff to betray those beliefs by not providing him with a halal meal. (Id. at 33 (citing Shakur, 514 F.3d at 888-89).)

Further, the court again held that Defendants were not entitled to qualified immunity on either of these claims, because "Plaintiff had a clearly established right to halal meals <u>absent sufficient justification</u> to deny such meals." (Id. at 41.) The court based this ruling on Shakur and similar decisions in other circuits. The court also distinguished a number of district court cases cited by Defendants, and rejected Defendants' argument that their good faith reliance on a prison regulation entitled to them to qualified immunity. As the court explained, "it was no longer reasonable to rely on the regulation to deny Plaintiff's requests" post-Shakur. (MSJ Order at 5; see also MSJ Report at 38.)

Modifying the MSJ Report, the court also held that Defendants violated the First Amendment's Establishment Clause under either of the two standards articulated by the Supreme Court, by providing kosher meals only to Jewish inmates. (MSJ Order at 5 (referring to the standards set forth in Lemon v. Kurtzman, 403 U.S. 602 (1971), and Larson v. Valente, 456 U.S. 228 (1982)); MSJ Report at 21-31.) However, the court found that Defendants were entitled to qualified immunity on this claim. The court also held that Plaintiff could not recover monetary damages against individual defendants under RLUIPA. (MSJ Order at 6; MSJ Report at 41-44.)

Since the MSJ Order, Plaintiff has filed two amended complaints, including the Fourth Amended Complaint ("FAC") now at issue. (Docket No. 186.) Among other changes, the FAC adds an

4

Equal Protection claim under the Fourteenth Amendment. As Plaintiff explains, his "claim is simple: Defendants . . . have forced [Plaintiff] to betray his religious beliefs as a Muslim by forcing him to eat food which [Plaintiff] sincerely believes is not halal, and by denying [Plaintiff] access to [the prison's] kosher meal – which [Plaintiff's] beliefs would permit him to eat as a substitute for halal food – on the basis that [Plaintiff] is not Jewish." (Resp. at 1.) Defendants filed their Motion to Dismiss the FAC on October 25, 2011. (Docket No. 189.)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires courts to dismiss claims for which no relief can be granted. When considering a 12(b)(6) motion, "all allegations of material fact are accepted as true and should be construed in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). In Ashcroft v. Iqbal, the Supreme Court explained that a court should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. 1937, 1950 (2009). Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (internal quotation marks omitted)).

///

**III. DISCUSSION**

In their Motion, Defendants first argue that they did not violate the Free Exercise Clause or RLUIPA, because the prison's religious vegetarian diet is halal. Not only do Defendants thereby repeat an argument that the court has expressly rejected and warned Defendants against continuing to raise on multiple occasions, but Defendants do so without noting the prior court orders. Accordingly, for the fourth time now, the court must advise Defendants that their argument is irrelevant under the law, which looks only to the <u>sincerity</u> of litigants' religious beliefs.

Likewise, Defendants repeat the qualified immunity arguments that this court has previously rejected. In particular, Defendants again cite to a district court decision that the court has distinguished, and once more contend that they reasonably relied on a prison regulation. As the court previously explained as to the prison regulation, Defendants' reliance was clearly unreasonable post-<u>Shakur</u>.

Defendants do not specifically address Plaintiff's Establishment Clause or Equal Protection claims. The court therefore declines to dismiss either claim. The court notes, however, that it has already held that Defendants violated the Establishment Clause, as discussed. Although the court also found Defendants entitled to qualified immunity on this claim, Plaintiff's FAC appropriately requests only injunctive relief for Defendants' violations. See <u>Mayweathers v. Woodford</u>, 393 F. App'x 425, 427 (9th Cir. 2010) ("Qualified immunity does not preclude [plaintiff's] request for injunctive relief.").

Defendants also repeat their argument that damages are not available under RLUIPA. However, in his FAC, Plaintiff only seeks damages under his Free Exercise and Equal Protection claims. Defendants' argument is therefore moot. Finally, Defendants contend that Defendant Governor Edmund G. Brown is not a proper party to this suit. Plaintiff does not oppose this contention. Accordingly, Defendants' Motion is granted on this one request.

**IV.  CONCLUSION**

For all these reasons, the court denies Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint, with the exception of Defendants' request to dismiss Defendant Edmund G. Brown as an improper party, which is granted.

The court also advises Defendants that continuing to repeat previously rejected arguments, with no reference to the prior court orders directly on point, wastes substantial judicial and party resources and may result in sanctions.

IT IS SO ORDERED.

Dated: January 18, 2012

DEAN D. PREGERSON
United States District Judge